NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0279n.06
Filed: May 19, 2008

No. 07-5701

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SHERRIE L. DURHAM,

     Plaintiff-Appellant,

     v.

NAT E. JOHNSON, in his official capacity as Acting
Commissioner of the Tennessee Department of
Personnel; JAMES G. NEELEY, in his official
capacity as Commissioner of the Tennessee
Department of Labor and Workforce Development; E.
RILEY ANDERSON, in his individual and official
capacity as Associate Justice of the Supreme Court of
Tennessee; WILLIAM M. BARKER, in his
individual and official capacity as the Chief Justice of
the Supreme Court of Tennessee; ADOLPHO A.
BIRCH, JR., in his individual and official capacity as
Associate Justice of the Supreme Court of Tennessee;
LANCE B. BRACY, in his individual and official
capacity as the Chief Disciplinary Counsel of the
Board of Professional Responsibility of the Supreme
Court of Tennessee; CORNELIA A. CLARK, in her
individual and official capacity as Associate Justice of
the Supreme Court of Tennessee; JANICE M.
HOLDER, in her individual and official capacity as
Associate Justice of the Supreme Court of Tennessee;
DAVID N. SHEARON, in his official capacity as the
Executive Director of the Tennessee Commission on
Continuing Legal Education and Specialization,

     Defendants-Appellees.

On Appeal from the United
States District Court for the
Middle District of Tennessee
at Nashville

_____/

**Before:**     **GUY, SUHRHEINRICH, and COLE, Circuit Judges.**

  **PER CURIAM.**     Plaintiff Sherrie L. Durham, an attorney proceeding *pro se*, appeals from the dismissal of her civil rights action challenging the Rules of the Tennessee Supreme Court governing attorney registration and continuing legal education requirements as violative of her rights under the First and Fourteenth Amendments of the United States Constitution.  42 U.S.C. § 1983.  Plaintiff argues that the district court erred in finding that she had failed to state a claim for violation of her due process, equal protection, and First Amendment rights; erred in denying her motion to file a second amended petition for declaratory judgment; and erred in denying her motion for disqualification under 28 U.S.C. § 144.

  After carefully reviewing the record and the arguments presented on appeal, and having had the benefit of oral argument, we are convinced that the district court did not err with respect to the issues raised on appeal.  Moreover, because the reasons supporting the judgment have been ably articulated by the district court, we conclude that issuance of a detailed written opinion by this court would serve no jurisprudential purpose.  Accordingly, the judgment of the district court is **AFFIRMED** for the reasons set forth by the district court in (1) its memorandum and order of March 14, 2007, adopting the magistrate judge's report and recommendation as modified; and (2) the order of May 3, 2007, denying plaintiff's post-judgment motions.